# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VONTERRY M. BRYANT,** *Plaintiff,* v. **Warden STANLEY WILLIAMS,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:16-cv-00206-TES-CHW** |

## ORDER ON UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court for consideration is the United States Magistrate Judge's Recommendation [Doc. 24] that Plaintiff's Eighth Amendment conditions of confinement, Fourteenth Amendment, and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendants Bryson, McCloud, Chapman, Bishop, Powell, Logan, Caldwell, Williams, and Davis be allowed to proceed. [Doc. 24, at 1]. In all other respects, the United States Magistrate Judge recommends that Plaintiff's Fourteenth Amendment due process claim against Defendants Warden Stanley Williams and Unit Manager Smokes, his Eighth Amendment deliberate indifference to a serious medical need claims, and Defendants Owens, Butts, and Young be dismissed without prejudice. [*Id*. at 2].

On November 17, 2017, Plaintiff filed a Motion to Object [Doc. 36] in which he objects to the dismissal of his Eighth Amendment deliberate indifference to serious

medical need claims against Defendants Adair, Butts, Burnside, Chapman, Lewis, and Caldwell. Having considered the Recommendation [Doc. 24] and Motion for Objection [Doc. 36] pursuant to 28 U.S.C. § 636(b)(1), the Court finds Plaintiff's objections fail to overcome the Magistrate Judge's reasoning that his Eighth Amendment deliberate indifference to serious medical need claims should be dismissed. Further, Plaintiff's argument in his objection that "defendants were 'hostile and dismissive'" fails to satisfy the objective prong mandated in *Farrow v. West*, 320 F. 3d. 1235 (11th Cir. 2003)[1] and is unpersuasive to implicate Eighth Amendment standards. [Doc. 36, at 1]. Therefore, this Court **ADOPTS** the Recommendation of the United States Magistrate Judge and **MAKES IT THE ORDER OF THE COURT**. For the reasons stated in the United State Magistrate Judge's Recommendation [Doc. 24], Plaintiff's Eighth Amendment medical indifference claim and Defendants Adair, Butts, Burnside, Chapman, Lewis, and Caldwell in connection with said claim are **DISMISSED WITHOUT PREJUDICE**.

Pursuant to the Recommendation [Doc. 24] of the United States Magistrate Judge Plaintiff may proceed with his Fourteenth Amendment Due Process Claims against Defendants Bryson, McCloud, Chapman, Bishop, Powell, Logan, Caldwell, Williams, and Davis; his Eighth Amendment conditions of confinement claim against Defendants

---

[1] "The Supreme Court clarified the 'deliberate indifference' standard in *Farmer* by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official *knows of* and *disregards an excessive risk to inmate health or safety;* the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Farrow*, 320 F. 3d. 1235, 1245 (11th Cir. 2003).

Bryson, McCloud, Chapman, Bishop, Powell, Logan, Caldwell, Williams, and Davis; and his RLUIPA claims against Defendants Bryson, McCloud, Chapman, Bishop, Powell, Logan, Caldwell, Williams, and Davis.

However, notwithstanding Plaintiff's objection, Plaintiff's First Amendment access to courts claims, Eighth Amendment indifference to serious medical need claims[2], and Fourteenth Amendment due process claims against Defendant Warden William Stanley and Unit Manager Stokes are **DISMISSED WITHOUT PREJUDICE**. Lastly, for the reasons stated in the United State Magistrate Judge's Recommendation [Doc. 24] Defendants Owens, Butts, and Young are **HEREBY DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 17th day of April, 2018.

**S/ Tilman E. Self, III**
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff's Motion for Objection [Doc. 36] only argued against the Magistrate Judge's recommendation that Plaintiff's Eighth Amendment deliberate indifference to serious medical need claims be dismissed without prejudice.